In the Matter of TAYLOR'S MOBILE HOMES SALES, INC., Bankrupt.

Benjamin D. FRANTZ, Plaintiff-Appellant,

v.

Warren TAYLOR and Opal Hampton, Defendants-Appellees.

No. 77–2240.

United States Court of Appeals, Ninth Circuit.

June 19, 1979.

Benjamin D. Frantz, Sacramento, Cal., in pro. per.

Loren S. Dahl, Richard Park, Dahl, Hefner, Stark & Marois, Sacramento, Cal., for defendants-appellees.

Before BROWNING and HUFSTEDLER, Circuit Judges, and BARTELS *, District Judge.

PER CURIAM:

In February 1972, the bankrupt established a qualified profit sharing plan (see I.R.C. § 401), and later that year made its one and only contribution of approximately $18,754. In 1973 the bankrupt began to experience financial difficulty, and by August of that year could no longer meet its payroll. All employees had been terminated by the end of August. On September 9, 1973, the bankrupt made an assignment for the benefit of creditors. On September 26, 1973, an involuntary petition in bankruptcy was filed.

The bankruptcy court ordered the trustees of the profit sharing plan to turn over 80% of the assets to the trustee in bankruptcy. The district court reversed. The trustee in bankruptcy appeals.

The profit sharing plan provided that upon termination of *employment*, each participant was entitled to a stipulated "Severance Benefit percentage" (in this case 20%) of the value of the participant's profit sharing account. (R. at 20.) On termination of the plan or trust, on the other hand, each participant was entitled to the full value of his account. (R. at 30.) The trustee contends the *plan* terminated when the employer made the assignment for the benefit of creditors and, since the *employment* of all employees was terminated before that date, the employees were entitled only to the benefits provided for on termination of employment. Because these benefits exhausted only 20% of the plan's assets, the trustee argues the balance of the fund reverted to the bankrupt and is now an asset of the bankruptcy estate.

It is clear from the plan itself that the bankrupt was not entitled to the remaining assets. The plan expressly provided that "under no circumstances shall any funds contributed to the Trust or any assets of the Trust ever revert to or be used and enjoyed by the Employer. . . ." (R. at 32.) The trustee acknowledges he acquired no greater right than the bankrupt had, (Reply Brief at 2–3), *see* 11 U.S.C. § 110(a) (1953); 4A Collier on Bankruptcy § 70.04 (14th ed. 1978). The balance of the fund, therefore, is not an asset of the bankruptcy estate.

Affirmed.

---

* Honorable John R. Bartels, Senior United States District Judge for the Eastern District of New York, sitting by designation.